# STATE EX REL. LYNDON A. SMITH v. WILLIAM ORR.[1]

### December 17, 1915.

### Nos. 19,660—(254).

**Intoxicating liquor — license to road house.**

Chapter 147, Laws of 1915, which went into effect on April 16, 1915, prohibited the issuance of licenses to sell intoxicating liquor except in incorporated cities, villages and boroughs; and a license to sell such liquor in a rural township, for a period of one year from May 8, 1915, issued pursuant to an order of the board of county commissioners, is void although the order directing the issuance of such license was adopted by the board prior to the enactment of the above statute.

Action in the district court for St. Louis county by Lyndon A. Smith, Attorney General, to enjoin defendant from maintaining an unlicensed drinking place upon the premises described in the complaint. Plaintiff moved for a temporary injunction *pendente lite* and obtained an order

[1]Reported in 155 N. W. 216.

to show cause why the injunction should not be granted. The application was heard before Fesler, J., who granted it. From the order granting the injunction *pendente lite,* defendant appealed. Affirmed.

*John H. Norton* and *C. O. Baldwin,* for appellant.

*Lyndon A. Smith,* Attorney General, *Warren E. Greene,* County Attorney, and *Edward L. Boyle,* Assistant County Attorney, for respondent.

TAYLOR, C.

For several years defendant has conducted a public drinking place in one of the rural townships of St. Louis county under licenses for the sale of intoxicating liquor issued to him by the board of county commissioners of that county. On May 8, 1914, a license to sell intoxicating liquor for one year from that date was issued to him and he operated thereunder during the period covered by such license. On March 16, 1915, he made an application for a license to sell intoxicating liquor for the period of one year from the eighth day of May, 1915, at the same place designated in his former license, and presented the proper bond. On April 3, 1915, the board of county commissioners approved his bond and directed that a license be issued to him for a period of one year from May 8, 1915. On April 6, 1915, he paid the required fee, and the county auditor issued and delivered to him a license to sell intoxicating liquor for a period of one year, commencing April 8, 1915, and terminating April 7, 1916. Stating the period covered by the license as beginning on April 8 instead of May 8, was merely a mistake or inadvertence on the part of the auditor. Even if it were not a mistake, his duties were purely ministerial and he had no power to issue a license except for a period commencing on May 8 as directed by the county commissioners.

Chapter 147, p. 205, of the Laws of 1915, which provides that "no license to sell intoxicating liquor within this state shall be issued or granted, except in incorporated cities, villages and boroughs," and that licenses in such municipalities are to be issued by the councils thereof, was approved and went into effect on April 16, 1915. After the expiration of his former license on May 7, 1915, defendant continued his saloon business, claiming the right to do so under the license issued as above stated. In October, 1915, the attorney general, charging that defendant was conducting an unlicensed drinking place, brought this action to

enjoin him from so doing; and the district court ordered the issuance of a temporary injunction forbidding defendant from conducting a public drinking place at the place specified in his license during the pendency of the action. Defendant appealed from this order.

Defendant concedes that the license did not become effective until May 8, the date specified in the application therefor and in the order of the county commissioners directing its issuance, but contends that it was in force and effective from and after that date. Plaintiff contends that the license was utterly void and of no force or effect whatever.

We deem it unnecessary to consider the effect of the error on the part of the auditor, which seems to be the principal point discussed in the briefs. By chapter 147 of the Laws of 1915, the board of county commissioners were prohibited from issuing any licenses after April 16, 1915. Defendant applied for a license for a period of one year from May 8; the county commissioners ordered the issuance of a license for a period of one year from that date. The general statutes relating to intoxicating liquors contemplate that licenses shall issue and be dated on the day on which they become effective. Among other provisions see G. S. 1913, § 3114. There was no authority to issue the license in question prior to May 8, 1915, and prior to that date the power of the county commissioners to issue such licenses had been taken away. The fact that the county commissioners had acted upon and granted the application at a time when they had the power to do so, is not sufficient to authorize the issuance of the license for a period beginning after the issuance of such licenses had been prohibited. See 17 Am. & Eng. Enc. (2d ed.) 263.

The license in question is utterly void, for the reason that it was issued in violation of chapter 147 of the Laws of 1915, and the order directing the issuance of the injunction was correct and is affirmed.