STATE EX REL. S. K. BANKROFT v. THOMAS P. WHITE.[1]

February 4, 1916.

Nos. 19,659—(270).

**Habeas corpus — sale of intoxicating liquor — county option.**

A license to sell intoxicating liquor in a city situated in a county which has voted to prohibit such sale is invalid, if for a term beginning after the result of the election has been declared, even though the license be issued before the election has been held. [Reporter.]

Upon the relation of S. K. Bankroft the district court for Koochiching county granted its writ of *habeas corpus* directed to the sheriff of that county. Upon the hearing before Stanton, J., relator was discharged. From the order discharging the relator, respondent sheriff appealed. Reversed.

*Jevne & Norton*, for appellant.

*Marshall A. Spooner*, for respondent.

PER CURIAM.

The relator was arrested and bound over to the district court upon the charge of having unlawfully sold intoxicating liquor, in the city of International Falls in the county of Koochiching, on the first day of October, 1915. Having failed to give bail, she was committed to the custody of the sheriff, and forthwith procured a writ of *habeas corpus* upon the alleged ground that she was illegally deprived of her liberty. At the hearing upon this writ, it was stipulated, among other things, that on July 30, 1915, the city of International Falls issued to the relator a license to sell intoxicating liquor for a period of one year commencing on September 1, 1915, and terminating on August 31, 1916; that the sale charged was made under this license on October 1, 1915; that, on August 2, 1915, under and pursuant to chapter 23, p. 24, of the Laws of 1915, known as the county option law, the county of Koochiching duly voted to prohibit the sale of intoxicating liquor therein; and that, on August 9, 1915, the county canvassing board duly filed its certificate declaring the result of such election.

The trial court made an order discharging the relator from custody and the sheriff appealed from that order.

The sole question presented is whether the license issued to the relator is valid and authorized her to sell intoxicating liquor in the city of Interna-

[1]Reported in 156 N. W. 251.

tional Falls, notwithstanding the fact that prior to the commencement of the term for which such license was issued, the county had voted to prohibit such sales.

The vote to prohibit the sale of intoxicating liquor in Koochiching county was taken on August 2, 1915, and, on August 9, 1915, the county canvassing board filed its certificate declaring the result of such election. Upon the filing of this certificate, the power of the city of International Falls to issue licenses for the sale of intoxicating liquor ceased. State v. City of International Falls, supra, page 298, 156 N. W. 249. The license in question was issued before the county had voted for prohibition, but for a term which did not begin until after the issuance of such licenses had been prohibited. In State v. Orr, 131 Minn. 451, 155 N. W. 216, it was held that a license issued before the power of the licensing board had ceased, but for a period which did not begin until after the issuance of such licenses had been prohibited, was inoperative and of no effect. Following these decisions, we hold that the license in question is of no effect and did not protect the relator in making the sale with which she is charged.

Order reversed.